UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FUSE, LLC, *et al.*,[1]<br><br>                Debtors. | Chapter 11<br><br>Case No. 19-10872 (KG) |
| DIRECTV, LLC,<br><br>          Plaintiff,<br><br>      v.<br><br>FUSE, LLC,<br><br>          Defendant. | Adv. Pro. No. 19-50193 (KG) |

**MOTION OF PLAINTIFF DIRECTV, LLC FOR AN ORDER AUTHORIZING THE
ADVERSARY COMPLAINT SEEKING
DECLARATORY RELIEF BE FILED UNDER SEAL**

Plaintiff DIRECTV, LLC ("DIRECTV"), by and through its attorneys, hereby moves this Court (the "Motion") for entry of an order, in substantially the form attached hereto as Exhibit A, pursuant to section 107(b) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 9018-1(b) and (c) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") authorizing the filing under seal of an unredacted version of the Adversary Complaint Seeking Declaratory Relief (the "Complaint") filed in the above-captioned adversary proceeding (the "Adversary Proceeding")

---

[1] The Debtors and the last four digits of their taxpayer identification numbers include: Fuse Media, Inc. (9721); Fuse Media, LLC (0560); Fuse, LLC (1888); JAAM Productions, LLC (5499); SCN Distributions, LLC (9656); Latino Events LLC (8204); Fuse Holdings LLC (5673); Fuse Finance, Inc. (8683); and FM Networks LLC (6500). The Debtors' headquarters and service address is 700 North Central Avenue, Suite 600, Glendale, CA 91203.

against Fuse, LLC ("Fuse" or the "Debtor").  In support of this Motion, DIRECTV respectfully represents as follows:

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a) and 107(b) of the Bankruptcy Code, as supplemented by Bankruptcy Rule 9018 and Local Rule 9018-1.

## BACKGROUND

4. The relevant factual background is set forth in the Complaint which seeks declaratory relief to clarify the terms of DIRECTV's contractual relationship with Fuse.  As noted in the Declaration of Michael Roggero In Support of First Day Motions filed by Fuse and its affiliated Debtors in their bankruptcy case [M.D.I. 3], there are justiciable disputes that go to the heart of the continued viability of the contractual relationship.  DIRECTV contends that Fuse is in breach of its agreement with DIRECTV and has an obligation to cure.  If Fuse fails to cure, DIRECTV can terminate its agreement with Fuse.  Fuse disputes that it has breached the agreement.

5. Resolving this dispute and clarifying the terms of the parties' contractual relationship is necessary to resolve issues relating to (i) the ability of the Debtors to assume the DIRECTV agreement; and (ii) if the Debtors are capable of assuming the DIRECTV agreement, the terms under which both the Debtors and DIRECTV must perform under the assumed

DIRECTV agreement.   The resolution to these disputes may impact the Debtors' ability to confirm its proposed prepackaged plan of reorganization.

## RELIEF REQUESTED

6.      By this Motion, DIRECTV respectfully request that the Court enter an order authorizing an unredacted version of the Complaint filed in the Adversary Proceeding (the "Unredacted Complaint") to be filed under seal and not made publicly available.

## BASIS FOR RELIEF

7.      Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the authority to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information.   This section provides, in pertinent part:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may — protect an entity with respect to a trade secret or confidential research, development, or commercial information ... .

11 U.S.C. § 107(b).

8.      Bankruptcy Rule 9018 sets forth the procedures by which a party may move for relief under Bankruptcy Code section 107(b), and provides, in relevant part, that "[o]n motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ."  Fed. R. Bankr. P. 9018.

9.      Local Rule 9018-1 requires any party who seeks to file documents under seal to file a motion to that effect.  Del. Bankr. L.R. 9018-1(b).  The Rule expressly contemplates orders authorizing the filing of future documents under seal.  *See* Del. Bankr. L.R. 9018-1(c).

10.      Unlike the analogous provision in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking to file

documents under seal to demonstrate "good cause." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994); *see Phar-Mor, Inc. v. Defendants Named Under Seal (In re Phar-Mor, Inc.)*, 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995) ("In other areas of the law, courts have relied on showings of 'compelling reasons,' or balancing the interests of privacy and public right to know, when reviewing a request for judicial non-disclosure. The mandatory language of § 107(b) negates the need for such inquiries." (citation omitted)). Rather, if the material sought to be protected satisfies one of the categories identified in § 107(b), "the court is *required* to protect a requesting party and has no discretion to deny the application." *Orion Pictures*, 21 F.3d at 27 (emphasis in original).

11.     DIRECTV respectfully submits that sufficient cause exists for the Court to grant the relief requested. The DIRECTV Agreement contains a confidentiality provision pursuant to which the parties agreed not to publicly disclose it terms. As the Complaint contains numerous references to the terms of the DIRECTV Agreement, cause exits to permit the filing of the Complaint under seal so that as to preserve confidentiality until such time as an appropriately redacted version can be prepared and filed on the docket.

12.     DIRECTV submits that no party will be harmed by filing the Unredacted Complaint under seal, since the Debtor will have appropriate access to the Unredacted Complaint.

13.     Therefore, the Court should authorize and direct the filing under seal of the Unredacted Complaint.

## NOTICE

14.     Notice of this Motion will be served upon the Debtor. DIRECTV respectfully submits that no other or further notice is necessary under the circumstances.

WHEREFORE, DIRECTV respectfully request that this Court enter an order

substantially in the form attached hereto (i) authorizing and directing the filing under seal of the

Unredacted Complaint; and (ii) granting such other relief as the Court deems just and proper.

MORRIS NICHOLS ARSHT & TUNNELL LLP

*/s/ Derek C. Abbott*
Donna L. Culver (#2983)
Derek C. Abbott (#3376)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, DE 19899-1347
Tel:  (302) 658-9200
Fax:  (302) 658-3989
Email: dculver@mnat.com
        dabbott@mnat.com

*Attorneys for Plaintiff DIRECTV*

OF COUNSEL:

Brian J. Lohan
Jeffrey A. Fuisz
Robert T. Franciscovich
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
Tel:  (212) 836-8000
Fax:  (212) 836-6459
Email: Brian.lohan@arnoldporter.com
        Jeffrey.fuisz@arnoldporter.com
        Robert.franciscovich@arnoldporter.com

Mark Romero
Christine Cwiertny
CROWELL & MORING LLP
515 South Flower Street, 40th Floor
Los Angeles, CA 90071-2201
Tel:  (213) 622-4750
Fax:  (213) 622-2690
Email: MRomeo@crowell.com
        CCwiertny@crowell.com

May 1, 2019